UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE

| | |
|---|---|
| **SCHOOL BOARD** | **CASE NO.  6:23-CV-01424** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **META PLATFORMS INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand filed by Plaintiff, St. Martin Parish Public School Board ("STMSB"). (Rec. Doc. 15). Defendants, Meta Platforms, Inc., Instagram, LLC, ByteDance Inc., and TikTok Inc., opposed the Motion (Rec. Doc. 33). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that STMSB's motion be denied.

### Factual Background

STMSB filed this suit in August 2023 in state court against Defendants, social media companies, who STMSB claims is liable for havoc their platforms have unleashed in St. Martin public schools. This suit is one of many similar suits filed across the country now centralized in a multi-district litigation suit in the Northern

District of California. *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation,* MDL No. 3047 (N.D. Cal.). Defendants removed the case on the grounds of diversity. (Rec. Doc. 1). STMSB now seeks remand, arguing it is an arm of the state and thus immune from federal court jurisdiction under the Eleventh Amendment. Defendants rely on Fifth Circuit precedent establishing that Louisiana school boards are not considered arms of the state.

## **Law and Analysis**

The Fifth Circuit succinctly explained the issue at bar as follows:

> Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies. The ultimate guarantee of the Eleventh Amendment … is that a non-consenting State may not be sued in federal court by private individuals, including its own citizens.
>
> Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the "alter ego" or an "arm" of the State. In other words, the Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is "the real, substantial party in interest." The Eleventh Amendment will not bar a suit, though, if the political entity "possesses an identity sufficiently distinct" from that of the State.
>
> There is no bright-line test for determining whether a political entity is an "arm of the State" for purposes of Eleventh Amendment immunity. Instead, the matter is determined by reasoned judgment about whether the lawsuit is one which, despite the presence of a state agency as the nominal defendant, is effectively against the sovereign state. In making this inquiry, this circuit traditionally has considered six factors: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is

2

> concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. The most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds.

*Vogt v. Bd. of Comm'rs of Orleans Levee Dist.,* 294 F.3d 684, 688–89 (5th Cir. 2002) (cleaned up).

Numerous courts have applied the foregoing "arm of the state" test to find that Louisiana school boards are independent entities which do not enjoy Eleventh Amendment immunity. The Fifth Circuit considered the issue in 1986 in *Minton v. St. Bernard Par. Sch. Bd.,* 803 F.2d 129, 131–32 (5th Cir. 1986). The Court analyzed Louisiana constitutional provisions regarding the authority of school boards to generate separate funds, to sue and be sued, to own property, and to exercise discretion in performing their functions and addressing local concerns and concluded that school boards were not arms of the state entitled to Eleventh Amendment immunity. *Id*. Subsequent jurisprudence reaffirmed *Minton's* precedence. See e.g. *Sch. Bd. of Par. of St. Charles v. Roxco, Ltd.,* No. CIV.A. 01-0359, 2001 WL 283094, at *2 (E.D. La. Mar. 21, 2001); and *Livingston Par. Sch. Bd. v. Meta Platforms, Inc.,* No. CV 23-00807-BAJ-RLB, 2023 WL 7243489, at *1 (M.D. La. Nov. 2, 2023), citing cases and noting that Livingston Parish School Board, in asserting the same arguments as in this case, "makes this argument blithely ignoring

3

that it has been squarely rejected by the U.S. Court of Appeals for the Fifth Circuit, each of the three Louisiana U.S. District Courts, and Louisiana's state courts, too."

STMSB urges the Court to ignore the substantial precedent adverse to its position. The Court finds no good grounds for departure in this case. Because STMSB is not an arm of the state entitled to Eleventh Amendment immunity, removal to federal court was permissible. Plaintiff's motion to remand should be denied.

## **Conclusion**

For the reasons discussed herein, the Court recommends that St. Martin Parish School Board's Motion to Remand (Rec. Doc. 33) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

    THUS DONE in Chambers, Lafayette, Louisiana on this 20th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE